| | |
|---|---|
| CELIA TELLO, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:21-cv-06619 |
| CITIBANK, N.A., RADIUS GLOBAL SOLUTIONS LLC, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC, | DEMAND FOR JURY TRIAL |
| Defendants. | |

## COMPLAINT

NOW COMES Plaintiff, CELIA TELLO ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of CITIBANK, N.A. ("Citi"), RADIUS GLOBAL SOLUTIONS LLC ("RGS"), EQUIFAX INFORMATION SERVICES LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and TRANS UNION LLC ("TransUnion") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*., and RGS's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA and FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a consumer over 18-years-of-age residing in Cook County, Illinois, which is located within the Northern District of Illinois.

5. RGS "is a leading provider of account recovery and debt collection, customer relationship management and healthcare revenue cycle management solutions."[1] RGS is a third-party debt collector organized under the laws of the state of Minnesota, with its principal place of business and registered agent located at 7831 Glenroy Road, Suite 250, Edina, Minnesota 55439. RGS regularly collects upon consumers across the country, including those residing within the state of Illinois.

6. Citi provides various banking and other financial services to consumers nationwide. Citi is a national association with its principal place of business located at 701 East 60th Street, North, Sioux Falls, South Dakota 57104. Citi uses the mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers residing in the state of Illinois. Citi is also a furnisher of credit information to the major credit reporting agencies ("CRAs"), including co-Defendants Equifax, Experian, and TransUnion.

7. Equifax is "a global data, analytics and technology company"[2] regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity. Equifax is a limited liability company

---

[1] https://www.radiusgs.com/about-us/
[2] https://www.equifax.com/about-equifax/who-we-are/

organized under the laws of the state of Georgia, with its principal place of business located at 1550 Peachtree Street NW, Atlanta, Georgia.

8. Experian "create[s] credit reports by collecting and analysing credit histories," and "share[s] this information with businesses so they can calculate a credit decision, usually using a credit score."[3] Experian is a corporation organized under the laws of the state of Ohio, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

9. TransUnion "is a global information and insights company"[4] regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity. TransUnion is a limited liability company organized under the laws of the state of Delaware, with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

10. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**FACTS SUPPORTING CAUSE OF ACTION**

11. In September 2021, Plaintiff received a dunning notice in the mail, from RGS, who was attempting to collect upon a purported balance owed to Citi ("subject debt" or "subject account"). *See* attached Exhibit A for a true and accurate copy of RGS's correspondence, dated September 15, 2021.

12. Plaintiff was confused by RGS's letter, as while she had previously obtained a $1,000 line of credit through Citi several years ago, that account was subsequently paid and closed.

---

[3] https://www.experianplc.com/about-us/our-business-activities/consumer-services/
[4] https://www.transunion.com/about-us/about-transunion

13. Plaintiff was further confused by the fact that RGS was seeking to collect a balance of over $9,000, as she had never incurred any such debt with Citi. *See Id.*

14. Fearing that this fraudulent account was negatively impacting her credit, Plaintiff accessed her consumer credit reports in an effort to proactively mitigate any damage.

15. Much to her dismay, all three CRAs listed the subject debt as a delinquent account with a past due balance of $9,148.

16. Following the instructions in RGS's letter, Plaintiff contacted RGS and spoke with a representative to dispute the subject debt.

17. Plaintiff informed RGS that she did not incur the subject debt, and even supplied RGS with her date of birth and personal information.

18. RGS's representative acknowledged that the date of birth pertaining to the subject debt did not align with Plaintiff's, and indicated that the subject debt would be marked as a fraudulent account and would be sent back to the creditor.

19. In spite of this assurance, RGS has continued to mail Plaintiff collection letters and has placed a number of calls to Plaintiff's cellular phone in an effort to collect upon the erroneous subject debt.

20. Plaintiff has even reiterated this information to RGS during subsequent calls, but yet, RGS's collection campaign has endured.

21. Plaintiff's efforts did not stop there, however, as on November 2, 2021, Plaintiff initiated written credit disputes with Equifax, Experian, and TransUnion. Specifically, Plaintiff requested that the three CRAs verify all information (including her date of birth and social security number) with Citi, and to remove the subject debt from her credit report as she never opened the underlying account with Citi.

22. Plaintiff sent these dispute letters, along with her social security identification, to Defendants via certified U.S. mail.

23. Upon information and belief, Citi received notice of Plaintiff's disputes within five days of Plaintiff initiating the disputes with the three CRAs. *See* 15 U.S. Code §1681i(a)(2).

24. On or about November 12, 2021, Equifax responded by failing to reasonably investigate Plaintiff's credit disputes. In spite of Plaintiff notifying Equifax that she never opened the subject account and requesting that it verify her personal information with Citi, Equifax failed to conduct a reasonable investigation and verify this information with Citi. Had Equifax done so, the subject account would have been removed.

25. Instead, Equifax "verified that [the subject account] belongs to [Plaintiff]" and continued to report the subject debt with a $9,148 balance, as follows:



26. On or about November 12, 2021, Experian similarly responded by failing to reasonably investigate Plaintiff's credit disputes. In spite of Plaintiff notifying Experian that she never opened the subject account and requesting that it verify her personal information with Citi, Experian failed to conduct a reasonable investigation and verify this information with Citi. Had Experian done so, the subject account would have been removed.

27. Instead, Experian informed Plaintiff that "the [subject account] was not changed as a result of [its] processing of [Plaintiff's] dispute," and continued to report the subject debt with a $9,148 balance, as follows:



28. On November 26, 2021, Plaintiff received reinvestigation results from TransUnion, who also verified the subject account as accurate, but yet, continued to report a balance of $9,148, as follows:

29. At that point, Plaintiff felt completely helpless, as she disputed the erroneous debt directly with RGS, along with the CRAs, but yet, the subject account was still being reported on her credit file.

30. Despite having actual knowledge that Plaintiff does not have any obligation on the subject debt, as well as after receiving Plaintiff's disputes, Defendants have continued to incorrectly report the subject account and have disseminated this inaccurate information to various persons and credit grantors.

31. Any reasonable investigation engaged in by Defendants would and should have revealed the blatant inaccuracies reflected on Plaintiff's credit report.

32. The reporting of the Citi trade line is patently inaccurate and materially misleading, as the subject account belonged to a third party.

**IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE**

33. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has delinquent accounts and that she cannot honor her financial obligations, and is thus a high-risk consumer.

34. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

35. As a result of the conduct, actions, and inactions of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically: invasion of privacy, loss of sleep, out of pocket expenses, including specifically, the loss of credit opportunity, decreased credit score, decreased credit line on her credit card account, certified mail expenses, frustration and aggravation associated with writing dispute letters, time and money expended meeting with

her attorneys, tracking the status of her disputes, monitoring her credit files, and mental and emotional pain and suffering.

36. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in her credit files.

<u>COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>
(AGAINST RGS)

37. Plaintiff repeats and realleges paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

39. RGS is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

40. RGS identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. RGS has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1983.[5]

41. The subject account is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### i. Violations of FDCPA § 1692d

42. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

---

[5] https://me.acainternational.org/Membership/Membership-Directory/Company-Member-Directory/Company-Details?accountid=%7BB55DC4DA-4442-EC11-8C62-000D3A5B8E84%7D

43. RGS violated §1692d through its repeated efforts to collect upon the subject debt, despite having direct knowledge that Plaintiff was not the correct debtor. RGS persisted with its systematic phone calls and collection letters in an effort to harass Plaintiff into paying a debt that she never incurred.

## ii.    Violations of FDCPA § 1692e

44. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

45. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

46. RGS violated §1692e and e(10) by continuing to collect on the subject debt after acknowledging that the date of birth of the actual debtor did not match up with Plaintiff's. RGS even assured Plaintiff that the subject account would be marked as fraudulent and returned to the creditor, but this appeared to be a false promise, as RGS continued to bombard Plaintiff with phone calls and collection letters. RGS deceptively attempted to collect upon a debt despite knowing that Plaintiff was not the debtor in question.

## iii.    Violations of FDCPA § 1692f

47. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

48. RGS violated 15 U.S.C. §1692f when it unfairly attempted to collect upon the subject debt. Specifically, it was unfair for RGS to harm Plaintiff by continuing its persistent efforts to collect

upon the subject account, despite the fact that RGS knew that Plaintiff was not responsible for the subject account.

49. As set forth in paragraphs 33 through 36, *supra*, Plaintiff has been harmed as a result of RGS's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, CELIA TELLO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining RGS from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST CITI)

50. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

51. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

52. Citi is a "person" as defined by 15 U.S.C. §1681a(b).

53. Citi is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

54. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

55. Citi violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, Experian, TransUnion, and Plaintiff.

56. Citi violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax, Experian, TransUnion, and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

57. Had Citi reviewed the information provided by the CRAs and Plaintiff, it would have corrected the inaccurate designation of the subject account, and transmitted the correct information to the CRAs Instead, Citi wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

58. Citi violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's disputes with Equifax, Experian, and TransUnion.

59. Citi violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax, Experian, and TransUnion after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

60. Citi violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax, Experian, and TransUnion credit files.

61. Citi failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Equifax, Experian, and TransUnion credit files within 30 days of receiving notice of the disputes from the CRAs under 15 U.S.C. §1681i(a)(1).

62. Despite the blatantly obvious errors in Plaintiff's credit files, and Plaintiff's subsequent efforts to fix these mistakes, Citi did not correct the errors or trade line to report accurately. Instead,

Citi wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to one or more third parties.

63. A reasonable investigation by Citi would have confirmed the veracity of Plaintiff's dispute, as Plaintiff's date of birth and social security number did not correspond with the individual who opened the underlying subject account. Yet, Citi proceeded to communicate inaccurate information to the CRAs.

64. Had Citi taken steps to investigate Plaintiff's valid disputes or the CRAs' requests for investigation, it would have permanently deleted the erroneous and misleading subject account.

65. By deviating from the standards established by the debt collection industry and the FCRA, Citi acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to the CRAs.

66. As set forth in paragraphs 33 through 36, *supra*, Plaintiff has been harmed as a result of Citi's unlawful practices as described in this Complaint.

WHEREFORE, Plaintiff, CELIA TELLO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Citi to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

## COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST EQUIFAX)

67. Plaintiff restate and realleges paragraphs 1 through 36 as though fully set forth herein.

68. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

69. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

70. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

71. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

72. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

73. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

74. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

75. Plaintiff provided Equifax with all relevant information in her requests for investigation to reflect that the subject account was erroneously reporting, as she never incurred the underlying debt.

76. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject debt as a delinquent account with a significant balance owed, when in fact, Plaintiff was not responsible for the subject account, as it belonged to a third party.

77. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff.

78. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

79. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Citi. Upon information and belief, Equifax also failed to include all relevant information as part of its notice to Citi regarding Plaintiff's dispute.

80. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

81. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete the inaccurate information that was the subject of Plaintiff's disputes.

82. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Citi that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

83. Equifax knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the Citi trade line would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing.

84. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

85. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

86. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

87. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

88. Equifax acted carelessly by reporting and re-reporting the subject account after Plaintiff put Equifax on notice that she was not responsible for the same.

89. Equifax's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

90. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

91. As set forth in paragraphs 33 through 36, *supra*, Plaintiff has been harmed as a result of Equifax's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, CELIA TELLO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT IV - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EXPERIAN)

92. Plaintiff restates and realleges paragraphs 1 through 36 as though fully set forth herein.

93. Experian is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

94. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

95. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

96. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

97. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

98. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

99. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

100. Plaintiff provided Experian with all relevant information in her request for investigation to reflect that the subject account was erroneously reporting, as she never incurred the underlying debt.

101. Experian prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject debt as a delinquent account with a significant balance owed, when in fact, Plaintiff was not responsible for the subject account, as it belonged to a third party.

102. Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Experian prepared patently false and materially misleading consumer reports concerning Plaintiff.

103. Experian violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

104. Experian violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Citi. Upon information and belief, Experian also failed to include all relevant information as part of its notice to Citi regarding Plaintiff's dispute.

105. Experian violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

106. Experian violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

107. Experian violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Citi that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

108. Experian knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the Citi trade line would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing.

109. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

110. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Experian readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

111. By deviating from the standards established by the credit reporting industry and the FCRA, Experian acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

112. It is Experian's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

113. Experian's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

114. Experian acted carelessly by reporting and re-reporting the erroneous subject account, when that account belonged to a third party.

115. Experian has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

116. As set forth in paragraphs 33 through 36, *supra*, Plaintiff has been harmed as a result of Experian's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, CELIA TELLO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Experian immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.   Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.   Award any other relief as this Honorable Court deems just and appropriate.

## COUNT V - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST TRANSUNION)

117. Plaintiff restate and realleges paragraphs 1 through 36 as though fully set forth herein.

118. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

119. TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

120. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

121. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

122. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

123. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

124. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

125. Plaintiff provided TransUnion with all relevant information in her requests for investigation to reflect that the subject account was erroneously reporting, as she never incurred the underlying debt.

126. TransUnion prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject debt as a delinquent account with a significant balance owed, when in fact, Plaintiff was not responsible for the subject account, as it belonged to a third party.

127. TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, TransUnion prepared patently false and materially misleading consumer reports concerning Plaintiff.

128. TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

129. TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Citi. Upon information and belief, TransUnion also failed to include all relevant information as part of its notice to Citi regarding Plaintiff's dispute.

130. TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

131. TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete the inaccurate information that was the subject of Plaintiff's disputes.

132. TransUnion violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from Citi that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

133. TransUnion knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the Citi trade line would have a significant adverse impact on Plaintiff's credit worthiness and her ability to receive financing.

134. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

135. Despite actual knowledge that Plaintiff's credit files contained erroneous information, TransUnion readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

136. By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

137. It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

138. TransUnion's non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting her credit information accurately.

139. TransUnion acted carelessly by reporting and re-reporting the erroneous subject account, when that account belonged to a third party.

140. TransUnion has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

141. As set forth in paragraphs 33 through 36, *supra*, Plaintiff has been harmed as a result of TransUnion's unlawful collection practices as described in this Complaint.

WHEREFORE, Plaintiff, CELIA TELLO, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that TransUnion immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.


DATED this 10th day of December, 2021.     Respectfully Submitted,


*/s/ Taxiarchis Hatzidimitriadis*
Taxiarchis Hatzidimitriadis #6319225
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)

(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff, Celia Tello*